IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AK FORTYSEVEN RECORDS LIMITED COMPANY and KHIARA SHERMAN. § § § | | |
| Plaintiffs. § | | CASE NO. 4:17-cv-3750 |
| § | | |
| v. § | | |
| § | | |
| BAHAMAS MINISTRY OF § | | |
| TOURISM, § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

Pending before the Court in this copyright and breach of contract dispute is Defendant Bahamas Ministry of Tourism's Motion to Dismiss Plaintiffs' Complaint (the "Motion") [Doc. # 11]. Plaintiffs AK FortySeven Records Limited Company and Khiara Sherman filed a response to the Motions, to which Defendant replied. *See* Plaintiffs' Response to Defendant's Motion [Doc. # 13]; Reply in Support of Defendant's Motion [Doc. # 14]. The Motion is now ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all appropriate matters of record, the Court concludes that the Motion should be **granted in part and denied in part**.[1]

---

1     Defendant also has filed a Request for Oral Argument on the Motion [Doc. # 12]. The issues raised in the Motion are straightforward. The Court was able to decide the merits of the Motion based on the parties' helpful briefing alone and without
(continued…)

I.  **BACKGROUND**

Since July 2014, Plaintiffs have owned a copyright in the musical work entitled *Fly Away with Me* (the "Song").  Sometime in late 2016, Defendant used the Song in connection with a multimedia advertising campaign.  According to Plaintiffs, Defendant did not have their permission to use the Song in its campaign.

In September 2016, Defendant purportedly entered into an agreement with Plaintiff Sherman (the "Service Agreement").  Under the terms of the Service Agreement, Sherman would perform unspecified work for Defendant for a period of three years.  In exchange, Defendant agreed to pay Sherman $113,160 and provide other benefits worth at least $15,000.  Sherman attempted to perform under the Service Agreement.  However, Defendant allegedly refused to accept her performance and has failed to make any of the agreement's required payments.

Plaintiffs filed their Complaint [Doc. # 1] in this case on December 12, 2017.  In the Complaint, Plaintiffs allege that Defendant infringed on their copyright to the Song by using it without permission and breached the terms of the Service Agreement.  On March 19, 2018, Defendant filed the Motion seeking dismissal of the Complaint in its entirety.  According to Defendant, Plaintiffs have

---

(continued…)
the need for oral argument.  Accordingly, Defendant's request for oral argument is **denied as moot**.

failed to adequately allege in the Complaint any claim upon which relief can be granted.

## II. **LEGAL STANDARDS**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. ANALYSIS

### A. Defendant's Motion

In the Complaint, Plaintiffs assert a federal copyright infringement claim against Defendant. In addition, Plaintiff Sherman alleges in the Complaint that Defendant breached the terms of the Service Agreement.[2] The Court addresses these claims in turn.

#### 1. Copyright Infringement

To prevail on a claim of copyright infringement, "a party must show that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (internal quotations and citation omitted). The second element requires proof of both factual copying and substantial similarity. *Id.* Copyright infringement claims are not subject to a heightened pleading standard. *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 964 (N.D. Tex. 2006); *Geophysical Serv. Inc. v. ConocoPhillips Co.*, No. CV H-15-2766, 2016 WL 2839286, at *11 (S.D. Tex. May 13, 2016), *on reconsideration*, No. CV H-15-2766, 2016 WL 3974834 (S.D. Tex. July 25, 2016); *see also Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6:12-CV-00042, 2013 WL 2189952, at *2

---

[2] *See* Response [Doc. # 13], p. 7 n.1 ("Only Plaintiff Khiara Sherman has filed a claim for breach of contract.").

(S.D. Tex. May 20, 2013) ("even post-*Twombly*, Rule 8 requires only the pleading of the basic elements of an infringement claim, albeit allegations that rise above the speculative level. There is no heightened pleading requirement for copyright-infringement claims.") (citing 6 *Patry on Copyright* § 19:3 (2013)).

Defendant does not dispute that Plaintiffs have alleged sufficiently that they are the owners of a valid copyright on the Song. Rather, Defendant argues that Plaintiffs' copyright infringement claim should be dismissed because the Complaint fails to identify, and give Defendant fair notice of, the specific acts of its alleged infringement. The Court is unpersuaded by this argument.

Plaintiffs allege in the Complaint that, in late 2016, Defendant reproduced and distributed a verbatim copy of the Song in an advertising campaign without Plaintiffs' permission. Complaint [Doc. # 1], ¶ 8. The advertising campaign included at least one television commercial and postings on the website YouTube. *Id.* Plaintiffs also allege that Defendant observed a performance of the Song in Houston, Texas, and that there was a business relationship between Defendant and Plaintiff Sherman. *Id.* at ¶¶ 5, 13. In this case, the well-pleaded factual allegations in the Complaint support a plausible inference that Defendant had access to and copied the Song, Plaintiffs' copyrighted material, without the requisite consent. The allegations also provide Defendant with notice of what copyright it infringed (*i.e.*, the Song), how it allegedly infringed that copyright (*i.e.*, using the Song

5

without permission in a television commercial and in postings on YouTube), and when the alleged infringement occurred (*i.e.*, late 2016). The Court concludes that Plaintiffs' Complaint states a plausible claim for relief and gives Defendant fair notice of the copyright infringement claim asserted against it.[3] Factual disputes as to which of Defendant's late 2016 advertisements, if any, made use of the Song without permission are best suited for resolution through discovery and summary judgment, not a motion to dismiss. Accordingly, the Motion is **denied** with respect to Plaintiffs' copyright infringement claim.

### 2. Breach of Contract

Under Texas law, the essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the

---

[3] The cases cited by Defendant in support of its argument are distinguishable. In *Richards v. British Petroleum*, 869 F. Supp. 2d 730 (E.D. La. 2012), *aff'd sub nom. Richards v. BP Expl. & Prod., Inc.*, 533 F. App'x 378 (5th Cir. 2013), the *pro se* plaintiff failed to allege how certain defendants obtained her intellectual property or how another defendant exceeded the scope of the consent she gave that defendant to use her intellectual property. *See id.* at 738-739 ("As to Halliburton, Transocean, Cameron, and the GCCF, Plaintiff alleges no circumstances concerning how these defendants could have come into possession of her intellectual property. . . . She has pleaded no other facts permitting a reasonable inference that BP proceeded to appropriate these ideas/works in some way that exceeded the scope of the permission she initially extended to BP."). In *Marshall v. McConnell*, No. CIV.A. 3:05-CV-1062L, 2006 WL 740081 (N.D. Tex. Mar. 23, 2006), the plaintiff failed to identify with any specificity the allegedly infringed work. *See id.* at *4 (holding allegations of infringement of "certain legal treatises and forms" insufficient to state a copyright infringement claim).

plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). As a threshold matter, Defendant argues that the statute of frauds bars any breach of contract claim that Plaintiff Sherman asserts regarding the Service Agreement. This argument lacks merit.

"The statute of frauds bars enforcement of contracts that cannot be performed within one year unless the contract is in writing and signed by the party to be charged with the promise." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 547 (5th Cir. 2010) (citing TEX. BUS. & COM. CODE. § 26.01). Sherman alleges that the Service Agreement had a term of three years. Defendant contends that because Sherman neither attaches the Service Agreement to the Complaint nor alleges that it is a written agreement, the statute of frauds bars any claims based on this agreement. In the Fifth Circuit, dismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense such as the statute of frauds, but that defense must appear on the face of the complaint. *EPCO Carbon Dioxide Prod., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006); *Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prod., Inc.*, 410 F. App'x 738, 741 (5th Cir. 2010). The Complaint only alleges that there is a contract between Plaintiff Sherman and Defendant. It does not specify the "form" of the Service Agreement, such as whether it was oral or written. However, "[t]he law does not require that plaintiffs plead affirmatively that a contract is written."

7

*Clarke Mosquito*, 410 F. App'x at 741; *see also EPCO Carbon Dioxide Prod., Inc.*, 467 F.3d at 470 ("pleadings need not identify every element of its claim, particularly where the contested elements relate to the affirmative defense of the statute of frauds."). Because Sherman has not "specifically averred that the [Service A]greement was oral or was unsigned, it is not facially apparent that the statute of frauds undermines its claim." *City Bank v. Compass Bank*, No. EP-10-CV-62-KC, 2010 WL 2680585, at *8 (W.D. Tex. July 2, 2010). The cases cited by Defendant are not to the contrary.[4] Accordingly, the Court will not dismiss Plaintiff Sherman's breach of contract claim on the basis of the statute of frauds at this time.

Defendant also challenges the sufficiency of Plaintiff Sherman's breach of contract claim on the merits. Specifically, Defendant contends that the Complaint lacks sufficient factual allegations with respect to the formation of a valid contract between it and Sherman, or Sherman's performance thereunder, to state a plausible

---

[4] *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (upholding dismissal of claim to enforce employment agreement based on statute of frauds when complaint alleged that "[a] written employment agreement had never been executed."); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (upholding dismissal of claim to enforce agreement to modify loan based on statute of frauds when "the entirety of the Millers' allegations against BAC concern oral promises by either Ms. Masters or unnamed call center representatives.").

8

claim for relief.  The Court concludes that Defendant's assertion regarding Sherman's performance under the Service Agreement is persuasive.

The Complaint alleges that Defendant and Sherman reached an agreement whereby Defendant would pay her to perform "work."  There are no factual allegations in the Complaint identifying or describing the "work" Sherman was to perform pursuant to the Service Agreement.  Sherman's only allegation addressing the second required element of her breach of contract claim, *i.e.*, her performance or tendered performance under the Service Agreement, is that she "attempted to perform the work under the contract but the Ministry of Tourism refused to accept." Complaint [Doc. # 1], ¶ 14.  Absent any factual allegations describing the nature of Sherman's obligations under the Service Agreement or what she "attempted to perform" thereunder, this allegation amounts to little more than a formalistic recitation of an element of Sherman's breach of contract claim.  Such a formalistic recitation "will not do" in terms of satisfying Sherman's obligation to plead sufficient facts to state a facially plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Sherman has not alleged adequately the second element of her breach of contract claim.  Accordingly, the Motion is **granted** with respect to that claim.[5]

---

[5]  In the interest of efficiency, because Plaintiffs have failed to adequately allege the elements of Sherman's breach of contract claim, to the extent Plaintiffs amend the Complaint to reassert that claim, and to the extent the alleged contract between

(continued…)

9

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** Defendant Bahamas Ministry of Tourism's Motion to Dismiss Plaintiffs' Complaint [Doc. # 11] **GRANTED** with respect to Plaintiff Sherman's breach of contract claim**.** Such claim is **DISMISSED WITHOUT PREJUDICE**. In all other respects, Defendant's Motion to Dismiss is **DENIED**. It is further

**ORDERED** that to the extent Plaintiffs wish to amend their Complaint in a manner consistent with this Memorandum and Order, they shall file the amended pleading as a separate docket item on or before **May 10, 2018**. It is further

**ORDERED** that Defendant's Request for Oral Argument on the Motion [Doc. # 12] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 19th day of **April, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

(continued…)
Sherman and Defendant is a written agreement, the amended complaint must attach a copy of such agreement.