IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AK FORTYSEVEN RECORDS LIMITED COMPANY and KHIARA SHERMA, § § § | | |
| Plaintiffs, § | | CASE NO. 4:17-cv-3750 |
| § | | |
| v. § | | |
| § | | |
| BAHAMAS MINISTRY OF TOURISM, § § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

Pending before the Court in this copyright and breach of contract dispute is Defendant Bahamas Ministry of Tourism's Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") [Doc. # 26]. Plaintiffs AK FortySeven Records Limited Company and Khiara Sherman timely filed a response to the Motion, to which Defendant replied.[1] The Motion is now ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all pertinent matters of record, the Court **denies** the Motion.

## I.  BACKGROUND

The Motion constitutes Defendant's second effort to have Plaintiff Sherman's breach of contract claim dismissed with prejudice. On March 19, 2018,

---

[1] *See* Plaintiffs' Response to Defendant's Motion [Doc. # 27]; Reply in Support of Defendant's Motion [Doc. # 28].

Defendant moved to dismiss Plaintiff's Original Complaint [Doc. # 1], which consisted of a claim for federal copyright infringement and a claim for breach of contract under Texas state law, in its entirety. By Memorandum and Order dated April 19, 2018 (the "M&O") [Doc. # 15], the Court granted Defendant's initial motion in part and denied it in part. Specifically, and as relevant to the pending Motion, the Court concluded that Plaintiff Sherman's breach of contract claim was not supported by sufficient factual allegations. Consequently, the Court dismissed the claim without prejudice.[2] Plaintiffs also were ordered that if they wished to reassert the breach of contract claim, to attach to the amended complaint a copy of the written agreement underlying that claim. M&O [Doc. # 15], ¶ 9-10 n.5.[3]

On May 10, 2018, Plaintiffs timely filed their First Amended Complaint (the "Amended Complaint") [Doc. # 17]. In the Amended Complaint, Plaintiff Sherman, an artist and performer by occupation, alleges that after performing on Defendant's behalf numerous times, Defendant approached her in March 2016 about entering into a formal business relationship. According to Sherman,

---

[2] Defendant's initial motion was denied with respect to Plaintiffs' federal copyright infringement claim.

[3] Although the Court ordered Plaintiffs to attach a copy of the agreement on which Sherman bases her breach of contract claim, the Court did not order Plaintiffs to attach all documents potentially relevant to such claim or to provide documents that definitely prove the existence of the alleged contract between Sherman and Defendant.

Defendant wanted to hire her as a marketing representative responsible for promoting the Bahamas at meetings, trade shows, and other events. Over the next few months, Sherman and Defendant exchanged offers and counteroffers, orally and in writing, regarding the marketing representative position. On September 13, 2016, Defendant's agent emailed Sherman with a formal written offer that listed numerous terms of her proposed employment, including the term (three years), her annual salary, and her entitlement to leave and other benefits (the "Agreement"). Sherman alleges that she accepted the Agreement on September 28, 2016, and attempted to perform thereunder by offering several start dates and committing to relocate to the Bahamas for training.[4] According to Sherman, Defendant refused to perform its obligations under the agreement, including "refusing to add [her] to its payroll, provide instructions to [her] about her start date, or make any of the promised payments." Amended Complaint [Doc. # 17], ¶ 18.

On May 24, 2018, Defendant filed the Motion seeking dismissal only of Sherman's reasserted breach of contract claim. Defendant argues that this claim continues to be pleaded deficiently because the Agreement fails to satisfy the statute of frauds and because there are insufficient factual allegations to support

---

[4] Per the Court's mandate set forth in the M&O, Plaintiffs attached a series of letters and emails exchanged between Sherman and Defendant between March 4, 2016 and September 28, 2016. Sherman asserts that these emails constitute written evidence of the binding agreement that she had reached with Defendant to serve as a marketing representative.

each element of a breach of contract claim under Texas law. For the reasons stated hereinafter, the Court concludes these arguments lack merit.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. ANALYSIS

Defendant moves to dismiss Plaintiff Sherman's breach of contract claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Sherman's claim fails to state a claim for which relief can be granted. Specifically, Defendant argues the breach of contract claim should be dismissed because the Agreement fails to satisfy the statute of frauds, and because the claim lacks sufficient supporting factual allegations relating to her performance or tender of performance thereunder. The Court addresses each of these arguments in turn.

### A. Statute of Frauds

Defendant first asserts that the statute of frauds bars Sherman's breach of contract claim. According to Defendant, the Agreement is subject to the statute of frauds because it has a three-year term, and thus, must be evidenced by a writing containing all of its essential terms. Defendant contends that because the writings attached to the Amended Complaint do not contain all material terms of the Agreement, namely Sherman's duties as a marketing representative, her breach of contract claim fails to satisfy the statute of frauds and must be dismissed. Defendant's theory for dismissal misses the mark.

Under Texas law, "the statute of frauds bars enforcement of contracts that cannot be performed within one year unless the contract is in writing and signed by the party to be charged with the promise." *Sullivan v. Leor Energy, LLC*, 600 F.3d

542, 547 (5th Cir. 2010) (citing TEX. BUS. & COM. CODE § 26.01). The statute of frauds requires that "the written agreement or memorandum . . . be complete within itself in every material detail and . . . contain all of the essential elements of the agreement so that the contract can be ascertained from the writings without resort to oral testimony." *Key v. Pierce*, 8 S.W.3d 704, 708 (Tex. App.—Fort Worth 1999, pet. denied) (citing *Henriquez v. Cemex Mgmt.*, 177 S.W.3d 241, 249 (Tex. App.—Houston [1st. Dist.] 2005, pet. denied)); *see also Conner v. Lavaca Hosp. Dist.*, 267 F.3d 426, 433 (5th Cir. 2001).

However, and despite the Court's prior explanation in the M&O,[5] Defendant continues to overlook the fact that the statute of frauds is an affirmative defense. In the Fifth Circuit, dismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense such as the statute of frauds, but that defense must clearly appear on the face of the complaint. *Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prod., Inc.*, 410 F. App'x 738, 741 (5th Cir. 2010); *EPCO Carbon Dioxide Prod., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). "[T]he validity of the affirmative defense must essentially be unquestionable: A defendant is not entitled to dismissal under Rule 12(b)(6) . . . unless the plaintiffs have pleaded themselves out of court by admitting to all of the elements of the defense." *U.S. Enercorp, Ltd. v. SDC Montana Bakken Expl.,*

---

[5] *See* M&O [Doc. # 15], p. 7.

*LLC*, 966 F. Supp. 2d 690, 697 (W.D. Tex. 2013) (citation and internal quotation marks omitted); *see also Stanissis v. DynCorp Int'l LLC*, 2015 WL 9478184, at *10 (N.D. Tex. Dec. 29, 2015) (holding for a breach of contract claim to be dismissed based on a statute of frauds affirmative defense, "the plaintiffs must normally plead themselves out of court.") (citations and internal quotation marks omitted).

It is undisputed that for Sherman ultimately to prevail on her breach of contract claim, the Agreement, which Sherman alleges has a three year term, must comport with the statute of frauds. Defendant argues that because the emails and letters Sherman attaches to the Amended Complaint omit any description of Sherman's duties as a marketing representative, an alleged "essential element" of an employment agreement under Texas law, those writings cannot satisfy the statute of frauds and Sherman's breach of contract claim fails as a matter of law. Defendant's reasoning is flawed in that it incorrectly assumes that Sherman is required to satisfy her ultimate burden of definitively establishing the Agreement satisfies the statute of frauds at the pleading stage. Defendant's contention is contrary to law in the Fifth Circuit. Sherman can survive a motion to dismiss based on the affirmative defense of the statute of frauds by pleading factual allegations to plausibly suggest that the Agreement is evidenced by Defendant's writings containing all of its essential terms. Denial of discovery on a claim that

states a plausible claim for relief would require the Court to ignore settled Texas law that a party can demonstrate satisfaction of the statute of frauds with writings it never received or otherwise was made privy to and only would be obtainable in discovery. *See, e.g., Adams v. Abbott*, 254 S.W.2d 78, 80 (Tex. 1952) ("[V]alid memoranda of the contract may consist of letters and telegrams signed by the party to be charged and addressed to his agent or the other party to the contract, *or even to a third party not connected with the transaction*.") (emphasis added); *Zubarik v. Rubloff Dev. Grp., Inc.*, 2007 WL 9712169, at *3 (N.D. Tex. June 13, 2007) ("[A] letter may be adequate for th[e] purpose [of evidencing an agreement] even though it is not intended for, addressed, delivered, or known to the other contracting party.") (quoting *Central Power and Light Co. v. Del Mar Conservation Dist.*, 594 S.W.2d 782, 789-790 (Tex. Civ. App.—San Antonio 1980)) (internal quotation marks omitted); *Conner*, 267 F.3d at 432 ("The minutes of a board meeting can satisfy this writing requirement."). The Court cannot conclude that Sherman has "plead[ed] herself out of court."[6] Nothing in the Amended Complaint conclusively

---

6      Indeed, Sherman specifically alleges what her primary duties were supposed to be as a marketing representative, Amended Complaint [Doc. # 17], ¶ 15, and also alleges that the Agreement is evidenced by Defendant's writings, which at a minimum, include the correspondence exchanged between Sherman and Defendant. *Id.* at ¶ 18. Moreover, regardless of whether the writings attached to the Amended Complaint conclusively establish that the Agreement complies with the statute of frauds, those writings clearly support a reasonable inference that Sherman and Defendant negotiated and agreed to some type of employment
(continued…)

8

P:\ORDERS\11-2017\3750MTD_2.docx

establishes that the Agreement cannot satisfy the statute of frauds, as is required for her breach of contract claim to be dismissed based on that affirmative defense. *See Constr. Cost Data, LLC*, 2017 WL 2266993, at *6.

Because Sherman's breach of contract claim states a plausible claim for relief, Defendant's argument that Sherman cannot prove the Agreement is evidenced by a writing containing all of its essential terms, including her duties as a marketing representative, is inappropriate at this pre-discovery stage of the litigation. Defendant will have the opportunity to reassert its position on summary judgment after the parties have had adequate time for discovery *See Adams v. Chesapeake Expl., L.L.C.*, 2012 WL 4433294, at *4 (E.D. Tex. Sept. 5, 2012), *report and recommendation adopted*, 2012 WL 4343383 (E.D. Tex. Sept. 21, 2012). Accordingly, the Motion is **denied** with respect to Defendant's argument that the statute of frauds bars Sherman's breach of contract claim.

### B. Plaintiff's Performance

Defendant also argues that Sherman's breach of contract claim fails because it lacks factual allegations relating to her tender of performance under the Agreement, an element of a breach of contract claim under Texas law. *Williams v.*

---

(continued…)
agreement and that such agreement is evidenced by writings signed by or sent from Defendant. Sherman is entitled to discover whether Defendant is in possession of any other writings that would support her theory that she and Defendant are parties to a binding employment agreement.

9

*Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). This argument lacks merit. In the Amended Complaint, Sherman alleges that she "attempted to perform her obligations under the contract, offering several start dates and committing to make arrangements to relocate to Nassau for training." Amended Complaint [Doc. # 17], ¶ 18.

"[W]hen a defendant openly refuses to perform his or her part of a contract, a plaintiff need not tender performance prior to filing suit." *Alexander O&G, LLC v. Nomad Land & Energy Res., LLC*, 2017 WL 3506863, at *4 (S.D. Tex. Aug. 16, 2017) (citing *Burford v. Pounders*, 199 S.W.2d 141, 144 (Tex. 1947)). Where tender of performance is excused, a party must plead and prove that he or she was ready, willing and able to perform. *Id.* Viewed in the light most favorable to Plaintiffs, Sherman's allegations support a reasonable inference that Defendant's conduct in response to her offer to start working and to relocate for training constituted a positive and unconditional refusal to perform the Agreement. *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *Poe v. Hutchins*, 737 S.W.2d 574, 578 (Tex. Civ. App.—Dallas 1987)). Sherman's allegations in the Amended Complaint also support a reasonable inference that Sherman was ready, willing and able to perform her obligations under the Agreement. Plaintiff Sherman adequately has pleaded the second element under Texas law of her breach of contract claim. Accordingly, the

Motion is **denied** with respect to Defendant's assertion that Sherman's breach of contract claim is insufficiently pleaded.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** Defendant's Motion to Dismiss [Doc. # 26] is **DENIED.**

SIGNED at Houston, Texas, this <u>3rd</u> day of **July, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE